By the Court.—Curtis, J.
The statute prohibits the transaction of business by any person in the name of a partner not interested in the firm, and requires that where the designations " and Company ” or “ & Co.” are used, that it shall represent an actual partner or partners. An offence against these provisions is a misdemeanor, punishable by fine (Session Laws, 1833, chap. 381).
Those defendants who are the makers of the note claim, that in consequence of the designation, “Willard Felt & Co.” used by Willard L. Felt, for carrying on his business in New York, and the note being made payable to the order of “ Willard Felt & Co.” that such endorsement by Willard L. Felt, was not one through which the plaintiffs could derive a title to the note, even though they paid value for it, before maturity and without notice that this designation was unlawful.
These defendants, the makers of the note, insist that the payee was under a legal disability to act, and was without capacity to thus make an endorsement *218 binding in law. The defendants cited the cases of Swords v. Owen (34 Sup’r. Ct. R. 277), and O’Toole v. Garvin (8 Supreme Court R. 94), as determining that a person in the position of Willard R. Pelt could not make a contract binding in law. These cases hold, that where parties transacting business under an unauthorized name, sue to recover for services rendered, or for goods sold and delivered, there can be no recovery, because such rendition of services or sale and delivery of goods are transactions within the prohibition of the statute. The statute by its prohibition deprives the parties violating it through the use of a false designation, from recovering in a court of justice the fruits and proceeds of their own unlawful acts.
There is nothing in the decisions, orín the language of the statute, that implies that persons using this unlawful designation, would not be liable for goods purchased by them, or for services rendered at their request, or for money loaned to them. The object of the statute is to prevent persons from obtaining property or credit under a false pretence, and the courts will not give their aid to a man to enforce transactions made by him, in violation of this law.
The construction claimed by the defendants, is in effect that the courts should enable the violators of the law, to profit by their unlawful acts. The just interpretation of the law is, that while a person is forbidden to transact business under a prohibited title, such prohibition does not deprive innocent third parties dealing with or taking title through him, of their remedy against him. The penalty of the statute is limited to the parties violating it. It devolves no duty on dealers and the public to inquire whether it has been complied with, nor does it impose any penalty upon them for omitting to do so.
Willard L. Pelt, by his wrongful act in the form of *219 his endorsement, of the note in question, cannot affect the right of the plaintiff to recover as against him. He is bound by Ms representation, the endorsement is his, for in effect he had the note drawn to his order, though he used a deceptive designation to have it so drawn, and used the same deceptive designation in endorsing it to the plaintiffs. The plaintiffs simply lose the benefit of a recourse against the supposed person or persons he designated under the words “and Co.” But they lose no recourse against him, by reason of the false pretense in his endorsement, of being in partnership with others.
The makers of the note are not prejudiced by this act of Willard L. Felt. The title to the note passed by his endorsement to the plaintiff ; and the plaintiff stands in the position of innocent third parties purchasing the note before maturity for value, and protected by the statute and the law merchant in their remedy against both makers and endorsers.
There should be a judgment for the plaintiff upon, the verdict.
Sanford, J., concurred.